IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT N. JOHNSON, | ) | |
| Plaintiff, | ) | 2:05-cv-2597-GEB-GGH |
| | ) | |
| v. | ) | ORDER RE:  SETTLEMENT |
| | ) | AND DISPOSITION |
| RICHARD A. PRATER; SARAH J. | ) | |
| CORCORAN; and DOES 1 through | ) | |
| 10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On March 6, 2006, Plaintiff filed a Notice of Settlement in which he states "the parties have settled this action" and "[d]ispositional documents will be filed within (20) calendar days." Therefore, dispositional documents shall be filed no later than March 26, 2006.  Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed.  See L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

/////

/////

/////

/////

1

The status conference scheduled for March 20, 2006, is reset for hearing on May 15, 2006, in the event that no dispositional documents are filed, or if this action is not otherwise dismissed. Further, a joint status report shall be filed fourteen days prior to the status conference.[1]

IT IS SO ORDERED.

Dated:  March 15, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1]     The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).